UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVINO STANFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POTOMAC ELECTRIC POWER )<br>COMPANY )<br>Defendant. )<br>_____) | Civil Action No. 1:04-1461 (RBW) |

**MEMORANDUM OPINION**

Currently before the Court is the plaintiff's Motion for Reconsideration ("Pl.'s Mot.") [D.E. #29] pursuant to Federal Rule of Civil Procedure 60(b). The plaintiff seeks relief from the judgment entered by the Court on September 30, 2005, which dismissed his claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2000) ("Title VII"). For the reasons stated below, the Court will deny the plaintiff's request for relief from the Court's judgment.

**I. Background**

The plaintiff, Calvino Stanford, filed his original complaint against the Potomac Electric Power Company ("PEPCO"), alleging claims of intentional infliction of emotional distress and the creation of a hostile work environment in violation of the Occupational Safety and Health Act ("OSHA") 29 C.F.R. § 1910.269 (2000). Complaint at 1.[1] The plaintiff subsequently moved to amend his complaint for a second time to include a claim of retaliation under Title VII and an

---

[1] The plaintiff, as a matter of right, amended his complaint on September 29, 2004, prior to the filing of the defendant's answer or otherwise responding to the complaint. Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .").

independent claim for punitive damages.  Second Amended Complaint ("Amd. Compl.") at 1.
The defendant moved to dismiss the amended complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6) alleging that the plaintiff failed to state claims upon which relief could be
granted.  Defendant's Motion to Dismiss at 1.  The defendant also opposed the motion to amend
the complaint and moved to dismiss the retaliation and punitive damages claims.  Defendant's
Reply in Support of Motion to Dismiss and Opposition to Motion for Leave to Amend Complaint
at 1.  On September 30, 2005, this Court issued a Memorandum Opinion and Order dismissing
all of the plaintiff's claims.  Stanford v. Potomac Elec. Power Co., 394 F. Supp. 2d 81, 92-93
(D.D.C. 2005) (Stanford I).  The Court granted the plaintiff's motion for leave to file his second
amended complaint to include a claim of retaliation under Title VII and an independent claim for
punitive damages.  Id.  However, with respect to the plaintiff's Title VII retaliation claim, the
Court found that the plaintiff had failed to state a claim upon which relief could be granted
because he did not allege or demonstrate that he suffered any consequences of the nature courts
had construed as amounting to adverse employment actions.  Id. at 92.[2]  Thereafter, the plaintiff
did not seek to have the Court alter or amend its judgment within ten days, as mandated by
Federal Rule of Civil Procedure 59(e) ("[a] motion to alter or amend a judgment shall be filed no
later than 10 days after entry of the judgment.").

It was not until January 20, 2006, when the plaintiff filed his motion for relief from the
Court's judgment based on Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure,
seeking relief from the dismissal of his claims for intentional infliction of emotional distress and

---

[2]The Court considered the plaintiff's OSHA claim as conceded because he failed to respond to the defendant's claim that OSHA does not create a private cause of action.  Stanford I, 394 F. Supp. 2d at 92-93.

for the creation of a hostile work environment. Plaintiff's Motion for Reconsideration dated January 20, 2006 at 1. On June 21, 2006, the Court denied the plaintiff's motion to reconsider the dismissal of his intentional infliction of emotional distress claim, granted his request to reconsider his hostile work environment claim, and then re-affirmed the dismissal of his hostile work environment claim concluding anew that he had failed to state a claim upon which relief could be granted. Stanford v. Potomac Elec. Power Co., No. Civ. A. 1:04-1461 (RBW), 2006 WL 1722329, at *1 (D.D.C. June 21, 2006) (Stanford II).[3] The plaintiff's original motion for reconsideration did not seek relief from the judgment dismissing his retaliation claim. Thus, on July 16, 2006, the plaintiff filed the present motion for reconsideration of the dismissal of his retaliation claim pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 7.[4] Plaintiff's Motion for Reconsideration dated July 16, 2006. ("Pl.'s Mot.") at 1.[5]

## II.  Standard of Review

Rule 60(b)(6) of the Federal Rules of Civil Procedure states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of

---

[3] The Court declined to consider the plaintiff's request for relief under Rule 59(e) because his motion had not been filed within ten days after the entry of the Court's judgment. Stanford II, at *1 n.1.

[4] The plaintiff argues that a subsequent change in decisional law is a "surprise warranting reconsideration," seemingly under Federal Rule of Civil Procedure 60(b)(1). Pl.'s Mot. at 4. However the court has not found any cases to support the proposition that a subsequent change in decisional law is a surprise. Thus, the plaintiff's motion will be addressed pursuant to Rule 60(b)(6), as a motion to reconsider for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

[5] This most recent motion is filed in accordance with Local Civil Rule 7 (designating the requirements for the filing of motions with the court as well as the time limitations for the filing of opposing points and authorities and reply memoranda). On July 28, 2006, PEPCO filed its Opposition to the plaintiff's Motion for Reconsideration ("Def.'s Opp'n"), requesting that the Court deny the plaintiff's request for relief from judgment and on August 2, 2006, the plaintiff filed his Reply to Defendant's Opposition ("Pl.'s Reply"), further clarifying why he believes relief from the Court's judgment is justified.

judgment." Fed. R. Civ. P. 60(b)(6). A motion for relief from judgment under Rule 60(b)(6) must be made within a reasonable time. Fed. R. Civ. P. 60(b). To determine if a decision constitutes a final judgment, courts must ascertain whether it amounts to "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief," and whether it is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (citations omitted).

Despite its expansive nature, courts have placed certain restrictions on the applicability of Rule 60(b)(6). Thus, a determination of whether relief from a judgment should be granted does not require the Court "to clarify its original" ruling. Taylor v. Blakey, No. Civ.A. 03-0173(RMU), 2006 WL 279103 at *4 (D.D.C. Feb. 6, 2006). Instead, the Court need only assess whether there exist "extraordinary circumstances" that merit granting relief from the judgment. Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 n.3 (D.C. Cir. 1980) (citations omitted). Furthermore, in order "to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts[,]'" the Court should only grant relief from a judgment pursuant to Rule 60(b)(6) "sparingly." Id. at 577 (internal citation omitted). The Court must therefore assess, without clarifying its original determination, whether the plaintiff has demonstrated circumstances sufficiently extraordinary to justify relief from its judgment, here, relief from the dismissal of his retaliation claim.

### III. Analysis

The plaintiff argues that recent interpretation of what constitutes retaliation under Title VII, as construed by the Circuit's decision in Rochon v. Gonzales, 438 F.3d 1211, 1216 (D.C.

Cir. 2006)[6] and affirmed by the Supreme Court in Burlington N. & Santa Fe Ry. Co. v. White, ___ U.S. ___, ___ (2006), 126 S.Ct 2405, 2412-14, amounts to extraordinary circumstances warranting relief under Rule 60(b)(6) despite his failure to file a timely appeal. Pl.'s Mot. at 3-4. In response, the defendant argues that a subsequent change in decisional law is not sufficient grounds for relief from a judgment under Rule 60(b). Def.'s Opp'n at 4 (citing Delta Foods Inc. v. Republic of Ghana, 265 F.3d 1068, 1071 (D.C. Cir. 2001)).

The plaintiff relies on In re Pac. Far E. Lines, Inc., 889 F.2d 242 (9th Cir. 1989), and McGrath v. Potash, 199 F.2d 166 (D.C. Cir. 1952), to support his position that a Rule 60(b) motion is appropriate where there has been a change in law. Pl.'s Mot. at 3-4. However, both cases are distinguishable from the present case. In In re Pac. Far E. Lines, the court ruled that there were "extraordinary circumstances" justifying relief under Rule 60(b)(6) because Congress subsequently passed a statute intended to provide retroactive relief for all cases pending as of a certain date. 889 F.2d at 246-47, 250. The court found that although the plaintiff failed to file an appeal, relief under Rule 60(b)(6) was appropriate because the statute that provided the plaintiff a basis for relief was not passed until more than a year after the original judgment was issued. Id. at 250. In McGrath, the district court entered a permanent injunction against the Attorney General of the United States and the Commissioner of Immigration and Naturalization because they failed to conduct deportation proceedings before properly qualified hearing officers and in violation of the Administrative Procedure Act. 199 F.2d at 166. While the government's appeal

---

[6] In Rochon, the District of Columbia Circuit modified its interpretation of what constitutes adverse employment action under Title VII. Compare Rochon, 438 F.3d at 1220 (finding that "any act of retaliation by an employer that well might dissuade a reasonable employee from making or supporting a charge of discrimination pursuant to Title VII"), with Forkkio v. Powell, 306 F.3d 1127, 1131 (D.C. Cir. 2002) (concluding that retaliation is a "materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm").

of that ruling was pending, the Supreme Court issued a ruling in a separate case that had the effect of upholding the district court's ruling in McGrath, and thus the parties in McGrath agreed to dismiss their pending appeals. Id. at 167. Congress then enacted a statute providing that "deportation proceedings should not be subject to the hearing provisions of the Administrative Procedure Act." Id. Thereafter, the government in McGrath filed in the district court a motion under Rule 60(b) to vacate the injunction. However, the district court denied the motion and the government appealed to the District of Columbia Circuit. Id. The Circuit Court reversed, holding that it was appropriate to vacate the permanent injunction under Rule 60(b)(6) after Congress passed a statute removing the basis for the injunction. Id. at 167-68.

Unlike the present case, In re Pac. Far E. Lines and McGrath were based on changes in statutory law that became directly applicable after the deadline for noting appeals had passed. In re Pac. Far E. Lines, 889 F.2d at 244; McGrath, 199 F.2d at 167. And in both cases, the court agreed that the statutory change in law satisfied the requirement of extraordinary circumstances justifying relief under Rule 60(b)(6), despite the fact that the time to appeal had passed. In re Pac. Far E. Lines, 889 F.2d at 250; McGrath, 199 F.2d at 167. Here, in contrast, the claimed extraordinary circumstance is a change in what constitutes retaliation under Title VII as interpreted by the District of Columbia Circuit and affirmed by the Supreme Court, which was decided after judgment was entered against the plaintiff, and not made explicitly applicable to previously decided cases. See Burlington N., 126 S.Ct. at 2409; Rochon, 438 F.3d at 1220.

The plaintiff also relies on Ward v. Kennard, 133 F. Supp. 2d 54, 63 (D.D.C. 2000) and Tarkington v. United States Lines Co., 222 F.2d 358, 359-60 (2d Cir. 1955) in support of his position. Pl.'s Reply at 1-3. In Ward, the Court noted that "[t]he D.C. Circuit allows Rule 60(b)

motions to challenge alleged legal errors only in the most extreme situations: namely, when the district court based its legal reasoning on case law that it had failed to realize had recently been overturned." 133 F. Supp. 2d at 63 (citing D.C. Fed'n of Civic Ass'ns v. Volpe, 520 F.2d 451, 451-53 (D.C. Cir.1975)). Ward does not apply to the present case because the change in decisional law occurred after judgment was entered, despite plaintiff's claim to the contrary. Pl.'s Reply at 1-3. In other words, the decisions in Rochon and Burlington, which modified the interpretation of what constitutes an adverse employment action under Title VII were not decided until after this Court had entered its judgment against the plaintiff. See supra note 6. Similarly, in Tarkington, the Second Circuit ordered a new trial pursuant to Rule 60(b), even though the plaintiff failed to timely pursue an appeal, because the district court had based its decision, in part, on case law that had been overturned by the Supreme Court months before the original judgment was entered. Tarkington, 222 F.2d at 359-60. Again, unlike the change of law that had occurred in Tarkington, in the present case, the change in decisional law occurred after the judgment at issue was entered.

"The Supreme Court has been clear, in terms that might as well have been crafted with this case in mind, that 'reopening a judgment under Rule 60(b) [is precluded] where the movant has voluntarily abandoned his appeal, and the only ground for the motion to reopen is an asserted later change in the judicial view of applicable law.'" Delta Foods, 265 F.3d at 1071 (quoting Polites v. United States, 364 U.S. 426, 431 (1960)) ("Ackerman v. United States [340 U.S. 193 (1950)] precludes reopening a judgment under Rule 60(b) where the movant has voluntarily abandoned his appeal, and the only ground for the motion to reopen is an asserted later change in the judicial view of applicable law.") In Ackerman, the Supreme Court held that:

7

> Petitioner made a considered choice not to appeal . . . [and] cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of [a subsequent] case. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

Ackerman, 340 U.S. at 198.  A member of this Court also briefly addressed the same issue in Twist v. Ashcroft, 329 F. Supp. 2d 50, 54 (D.D.C. 2004) and rejected the plaintiff's request to vacate a seven year old judgment on the grounds that a subsequent court decision would require a different result.  The court stated that "[c]hange in the law is certainly not grounds for vacating a judgment under Fed. R. Civ. P. 60(b).  A moment's thought indicates why; if a change in law after a judgment was rendered was grounds to vacate a final judgment, final judgments would cease to exist." Id.  The court's reasoning in Twist is indeed persuasive.

      Here, the plaintiff had the opportunity to appeal the dismissal of his retaliation claim, and could have sought relief from this Court pursuant to Federal Rule of Civil Procedure 59(e) within ten days from the entry of judgment, but he decided not to do so.  Accordingly, the plaintiff can only seek relief pursuant to Rule 60(b)(6) if "extraordinary circumstances" exist that merit granting relief from the judgment.  Good Luck Nursing Home, 636 F.2d at 577 n.3.  And the plaintiff has failed to show that he is entitled to relief under this Rule.  Although the plaintiff insists that this "court in the present case incorrectly stated the law in its memorandum opinion," Pl.'s Reply at 1, his position is simply inaccurate.  Certainly, issuing a ruling based on an incorrect application of the law is a basis for reconsideration under Rule 60 (b), Ward, 133 F. Supp. 2d at 63 (citation omitted); Tarkington, 222 F.2d at 359-60; however, that is not the situation presented here.  Rather, this Court issued its Memorandum Opinion and Order on September 30, 2005, and Rochon was subsequently decided approximately five months later on

February 28, 2006. Thus, the law on what constituted retaliation supported this Court's ruling when it was issued. If this Court afforded the plaintiff relief under Rule 60(b) in this case, every appellate decision changing the state of the law would open the floodgates to relitigation of every previously issued decision on the same issue by a district court. Twist, 329 F. Supp. 2d at 54. Accordingly, because "reopening a judgment under Rule 60(b) [is precluded] where the movant has voluntarily abandoned his appeal, and the only ground for the motion to reopen [here] is an asserted later change in the judicial view of applicable law," Delta Foods, 265 F.3d at 1071 (quoting Polites, 364 U.S. at 431), the plaintiff's motion for reconsideration, as a matter of law, must be denied.

### IV. Conclusion

Based on the foregoing analysis, the Court concludes that the plaintiff has failed to demonstrate extraordinary circumstances warranting relief from this Court's judgment under Rule 60(b) with respect to his claim of retaliation under Title VII . Accordingly, the plaintiff's motion for reconsideration must be denied.

**SO ORDERED** on this 26th day of January, 2007.[7]

                                                REGGIE B. WALTON
                                                United States District Judge

---

[7]An Order consistent with this Memorandum Opinion is being issued contemporaneously herewith.